## (December 7, 1962)

FRANK MINOTTI et al., as Administrators of the Estate of THOMAS MINOTTI, Deceased, Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 34150.) — Judgment reversed on the law and facts, with costs, and matter remitted to the Court of Claims to enter an award in favor of the claimants in such amount as may be determined by the Court of Claims after a trial or hearing on that issue. Certain findings of fact disapproved and reversed and new findings made. Memorandum: Upon the first trial of this case the Court of Claims made an award in favor of the claimants as administrators for the wrongful causing of the death of their intestate, a 15-year-old student in the State School for the Blind, and for his conscious pain and suffering. The award was based on the doctrine of *res ipsa loquitur,* or an inference of negligence drawn solely from the fact that the decedent had been found badly scalded on the floor of a bathroom in the school. (7 Misc 2d 252.) There was evidence in the record from which it could have been inferred that the temperature regulating valve on the hot-water tank was defective and that the temperature of the water was excessively high, but the Court of Claims did not make any findings as to these matters. This court reversed the judgment and granted a new trial (6 A D 2d 990). Upon the retrial, the original record was introduced into evidence by stipulation, and additional expert evidence was introduced by the claimants, supporting the claim that the State had been negligent. Nevertheless, the Court of Claims dismissed the claim. We find in the record ample evidence from which factual inferences of negligence should have been drawn by the trial court. (*Markel* v. *Spencer,* 5 A D 2d 400, affd. 5 N Y 2d 958.) The temperature regulating valve had been installed in 1938 and had not been replaced since that time. Notwithstanding the fact that, according to the

testimony of the State's employees, the valve had been set at 160 degrees, the proof showed that on the two days following the accident the temperature at the tank registered as high as 180 degrees and the temperature of the water coming out of the faucet of the bathroom tub ran as high as 169 degrees. These fluctuations and variations established that the heating system was not functioning properly, and that the temperature regulating valve was defective. The proof also established that the temperature regulating valve should have been set at 140 degrees instead of 160 degrees, particularly in view of the fact that the water was to be used by students whose sight was defective. There was proof that water of a temperature of 160 degrees (or any temperature substantially in excess of 150 degrees) would cause third degree burns upon brief contact. (The decedent had suffered extensive third degree burns.) Notwithstanding the instructions given to the students as to the manner of drawing a bath, the State's agents in charge of the school should have anticipated occasional forgetfulness or mistake on the part of the students. The State also should have anticipated that there might be occasions when one using the bathtub might wish to add hot water while he was in the tub. It was the duty of the State to exercise reasonable care to avoid furnishing water for the students' use which was so hot that it would cause scalding upon brief contact. The State breached this duty. We accordingly find that the State was negligent, and that its negligence was a proximate cause of the decedent's death. We approve and adopt the finding by the trial court that the State had failed to sustain its burden of proof on the issue of contributory negligence on the part of the decedent. We therefore conclude that the claimants are entitled to an award in their favor, but we believe it to be the better practice, instead of fixing the amount of the award ourselves, to remit the case to the Court of Claims for determination of the amount of the award. All concur, except Williams, P. J., and Henry, J., who dissent and vote to affirm in the following memorandum: The record is devoid of any evidence of negligence on the part of the State of New York. We also note that this bath had been used extensively the day of the accident in question without any untoward incident. (Appeal from judgment of the Court of Claims dismissing the claim.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ. [21 Misc 2d 232.]